**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KHADEJAH TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>WAYNE DANIEL CPA PLLC, and WAYNE DANIEL,<br><br>    Defendants. | Civil Case No.: 24-cv-5809<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff Khadejah Taylor ("Taylor" or "Plaintiff"), by and through her attorneys, Faruqi & Faruqi, LLP, hereby alleges as follows against Defendants Wayne Daniel CPA PLLC ("Corporate Defendant"), and Wayne Daniel ("Daniel") (together, "Defendants"):

## NATURE OF THE CLAIMS

1.  Defendants own and operate a tax preparation and financial advisory service in Brooklyn, New York, doing business under the name "Wayne Daniel, CPA."

2.  Defendants engaged in a willful and deliberate policy and practice of denying Plaintiff overtime wages owed pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3.  Defendants also failed to furnish Plaintiff with NYLL compliant Notices of Pay Rate and accurate wage statements, as required by law.

4.  When Taylor complained about Defendants' unlawful wage practices, Defendants retaliated against her by terminating her employment. Accordingly, Taylor also brings retaliation claims pursuant to the FLSA and NYLL.

1

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

6. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

**A.  Plaintiff Khadejah Taylor**

8. Taylor is a resident of New York City and was employed by Defendants from on or around February 6, 2024 until on or about March 4, 2024.

9. At all relevant times, Taylor was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

**B.  Corporate Defendant Wayne Daniel CPA PLLC**

10. Wayne Daniel CPA PLLC is a domestic corporation with its principal place of business located at 300 East 48th Street, Brooklyn, New York 11203.

11. At all relevant times, Wayne Daniel CPA PLLC controlled and directed the terms of employment and compensation of Plaintiff.

12. At all relevant times, Wayne Daniel CPA PLLC established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other

2

employment practices applicable to Plaintiff.

13. At all relevant times, Wayne Daniel CPA PLLC maintained and exercised its power to hire, fire, discipline, and promote Plaintiff.

14. At all relevant times, Wayne Daniel CPA PLLC was an "employer" of Plaintiff within the meaning of all applicable statutes and regulations.

15. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

16. Upon information and belief, at all relevant times Corporate Defendant had an annual gross volume of sales in excess of $500,000.00. At all relevant times, Taylor was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

C. **Corporate Defendant Wayne Daniel CPA PLLC**

17. Daniel is the Principal at Wayne Daniel, CPA and a resident of the State of New York.

18. At all relevant times, Daniel controlled and directed the terms of employment and compensation of Plaintiff.

19. At all relevant times, Daniel maintained and exercised his power to hire, fire, discipline, and promote Plaintiff.

20. At all relevant times, Daniel maintained control, oversight, and direction of Plaintiff, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiff.

21. At all relevant times, Daniel was an "employer" of Plaintiff within the meaning of all applicable statutes and regulations.

3

## FACTS

### A. Background

22. Defendants own and operate a tax preparation and financial advisory service in Brooklyn, New York, doing business under the name "Wayne Daniel, CPA."

23. Defendants first hired Taylor as an "Accounting Associate" on or about February 6, 2024.

24. When interviewing with Daniel on February 5, 2024, Daniel agreed that Taylor would work significant overtime, with an hourly rate of pay and any hours over forty being paid, as appropriate, at an overtime rate.

25. Notably, Daniel stated to Plaintiff at her interview that her total compensation would be significantly higher than her hourly rate would provide, because of the considerable overtime premium compensation Taylor would earn for working hours over forty each week.

26. This agreement recognized that, consistent with the duties of the position and the fact she was not being compensated on an hourly and not salary basis, that the "Accounting Associate" role was a non-exempt position under federal and state law.

### B. Taylor Complains About Defendants' Illegal Pay Practices

27. Following her first pay statement, which accounted for the period between her start date and February 9th, 2024, Taylor discovered that Defendants would deduct breaks from her pay even though she had clocked out (as she was required to) for any period of time she did not work, effectively leading to pay deductions for compensable time.

28. Her second pay statement was even more egregious. During the week of February 10th to February 16th, Plaintiff worked approximately Fifty-Eight (58) hours. Further, during the week of February 17th to February 23rd, Plaintiff worked approximately Fifty-Six (56) hours.

29. Although Taylor worked approximately 114 hours in the pay period spanning February 10th, 2024 to February 23rd, 2024, Defendants paid her for only Eighty (80) hours at a rate of $17.00 per hour, completely failing to pay her ***anything at all***, let alone at an overtime rate, for the Thirty-Four (34) hours of overtime she worked during that pay period.

30. Taylor was shocked and disturbed that while she accepted her position based on the parties' mutual agreement that she would be paid substantial overtime, as required by state and federal law, Defendants now sought to shirk their legal responsibilities.

31. Taylor promptly raised her entitlement to overtime with Daniel by phone on or about February 29, 2024, and expressed that his practices violated labor laws.

32. In response, Daniel not only denied Taylor's entitlement to overtime but threatened to fire Taylor for her complaint. Further, he suggested, if Taylor declined to complain about non-payment of overtime, Daniel would attempt to arrange an interview for her with Goldman Sachs.

**C.     Defendants Terminate Taylor in Retaliation for Protected Activity**

33. Later in the day on February 29, 2024, Taylor was discussing overtime compensation with a co-worker, as is protected by federal and state law, when Daniel overheard.

34. Daniel again threatened to fire Taylor, stating that she would be fired if she spoke about her earnings and Defendants' unlawful wage practices with anyone.

35. Taylor was shocked and disgusted by this unlawful threat.

36. Daniel then proceeded to tell Taylor that she should not come in to work the following day, and that they would instead have a meeting on March 4, 2024 at around 4:00 p.m.

37. On the morning of March 4, 2024, Taylor's worst fears were realized when human resources informed her that there would be no meeting and that instead she should coordinate to retrieve any personal items left at the office.

5

38. Shocked that she was being terminated for her lawful complaints, Taylor explained the circumstances of her termination and how she was being terminated for complaining about Defendants' failure to pay her overtime.

39. Rather than indicate that any investigation would follow, Taylor was informed that she would need to call Daniel to speak with him concerning the situation.

40. Daniel, for his part, then refused to answer any of Taylor's multiple phone calls.

41. As is clear from the circumstances leading up to the decision, Defendants' decision to fire Taylor was transparently motivated by her lawful demand to recover earned overtime wages.

42. Also, Defendants never provided Taylor with a Notice of Pay Rate that met the requirements of the NYLL.

43. Defendants, likewise, never provided Taylor with accurate wage statements.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME

44. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

45. During the full statutory period, Plaintiff was protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

46. The FLSA requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay and at a rate not less than one and one-half times the federal minimum wage for all hours worked in excess of 40 hours in a workweek.

47. Plaintiff was not exempt from the requirement that Defendants pay her overtime under the FLSA, and she is entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

48.     As a result of Defendants' failure to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the FLSA and/or applicable regulations thereunder.

49.     Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the FLSA.

50.     Defendants' violations of the FLSA have significantly damaged Plaintiff and entitle Plaintiff to recover the total amount of her unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**

51.     Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

52.     During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

53.     The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

54.     Plaintiff was not exempt from the requirement that Defendants pay her minimum wages under the NYLL, and she is entitled to be paid minimum wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

55.     As a result of Defendants' failure to compensate Plaintiff at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

56. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the NYLL.

57. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle Plaintiff to recover the total amount of her unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES

58. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

59. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

60. The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek and at a rate not less than one and one-half times the applicable State minimum wage for all hours worked in excess of 40 hours in a workweek.

61. Plaintiff was not exempt from the requirement that Defendants pay her overtime under the NYLL, and she is entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

62. As a result of Defendants' failure to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

63. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the NYLL.

64. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle Plaintiff to recover the total amount of her unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED

65. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

66. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

67. The NYLL requires covered employers, including Defendants, to compensate Plaintiff at her established regular rates of pay for all hours worked in a workweek.

68. Plaintiff was not exempt from the requirement and is entitled to be paid by Defendants at her established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

69. As a result of Defendants' failure to compensate Plaintiff at her established regular rates of pay (or one and one-half times her established regular rates) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

70. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the NYLL.

71. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle Plaintiff to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of her unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE

72. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

73. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

74. The NYLL requires covered employers, including Defendants, to provide employees, "at the time of hiring, a notice containing the following information:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer [ ]; the name of the employer; any 'doing business as' names used by the employer;  the physical address of the employer's main office or principal place of business, and a mailing address if different;  the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate.  NYLL § 195(1)(a).

75. Plaintiff was not exempt from the requirement that Defendants provide her with Notices of Pay Rate.

76. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff, Defendants have violated, *inter alia*, NYLL § 195.

77. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff in accordance with the NYLL.

78. Further, due to Defendants' failure to provide proper Notices of Pay Rate, Plaintiff has suffered concrete harm.

79. Specifically, Plaintiff has been prevented from, *inter alia*: (i) realizing her true

hours worked; (ii) realizing that she was underpaid; and (iii) taking appropriate action to obtain the payments due to her.

80. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle Plaintiff to recover $50 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: ACCURATE WAGE STATEMENTS

81. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

82. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

83. The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages." NYLL § 195(3).

84. Plaintiff was not exempt from the requirement that Defendants provide her with proper wage statements.

85. As a result of Defendants' failure to furnish accurate wage statements to Plaintiff, Defendants have violated, *inter alia*, NYLL § 195.

86. Further, due to Defendants' failure to furnish accurate wage statements, Plaintiff has suffered concrete harm.

87. Specifically, Plaintiff has been prevented from, *inter alia*: (i) realizing her true

hours worked; (ii) realizing that she was underpaid; and (iii) taking appropriate action to obtain the payments due to her.

88. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle Plaintiff to recover $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: RETALIATION**

89. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

90. During the full statutory period, Plaintiff was protected by the provisions of the FLSA, 29 U.S.C. §§ 201, *et seq.*, as well as all applicable regulations thereunder.

91. As set forth above, Plaintiff complained to Defendants regarding Defendants' violations of the FLSA.

92. Defendants retaliated against Plaintiff for her protected activity by, *inter alia*, terminating her employment.

93. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages.

94. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages.

95. Defendants' unlawful and retaliatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the FLSA, for which Plaintiff is entitled to an award of punitive damages.

96. Plaintiff is further entitled to an award of liquidated damages, prejudgment interest, and attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE NYLL: RETALIATION

97. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

98. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 215, *et seq.*, as well as all applicable regulations thereunder.

99. As set forth above, Plaintiff complained to Defendants regarding Defendants' violations of the NYLL.

100. Defendants retaliated against Plaintiff for her protected activity by terminating her employment.

101. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages.

102. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, emotional distress for which she is entitled to an award of compensatory damages.

103. Defendants' unlawful and retaliatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYLL, for which Plaintiff is entitled to an award of punitive damages.

104. Plaintiff is further entitled to an award of liquidated damages, prejudgment interest, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

C.  Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.  Award Plaintiff an additional equal amount as liquidated damages;

E.  Award Plaintiff all appropriate relief pursuant to her retaliation claims under the FLSA and NYLL;

F.  Award Plaintiff her reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

G.  Grant Plaintiff such other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: August 20, 2024  
  New York, New York

**FARUQI & FARUQI, LLP**

By: _/s/ Shawn R. Clark_  
Shawn R. Clark  
685 Third Avenue, 26th Floor  
New York, New York 10017  
Tel: 212-983-9330  
Fax: 212-983-9331  
sclark@faruqilaw.com  
*Attorney for Plaintiff*