UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHADEJAH TAYLOR,<br><br>                    Plaintiff,<br><br>              v.<br><br>WAYNE DANIEL CPA PLLC and WAYNE DANIEL,<br><br>                    Defendants. | **DISCOVERY ORDER**<br>24-CV-05809 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

This is a Fair Labor Standards Act and New York Labor Law action. *See generally* ECF No. 1 (Compl.). This Order resolves various discovery disputes jointly raised by the parties. *See* ECF No. 25. Fact discovery in this matter is set to close on January 21, 2025. *See* ECF No. 17.

### I. Time Records and Wage Statements (Defendants' Production)

Plaintiff argues that Defendants' production of "payroll records, wage statements, and time records," as captured by her Requests for Production ("RFPs") 12, 13, and 16, is deficient. *See* ECF No. 25 at 1.[1] Specifically in response to RFP No. 13, Defendants wrote that "they do not possess documents responsive to this request at this time." *See* ECF No. 25-1 at 13. Defendants now state that "they will make their best efforts to have the documents ready for production before . . . fact discovery concludes." *See* ECF No. 25 at 2. Accordingly, they do not raise any objections to these RFPs on any basis. They are therefore ordered to make and/or supplement their productions on or before January 21, 2025. Alternatively, they must update their responses and objections confirming they have no documents to produce in response to RFPs 12, 13, and/or 16 by that same date. At this stage, the Court denies Plaintiff's request to

---

[1]     The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

"preclude[] [Defendants] from producing these records," *id.* at 2, if they fail to comply with this deadline.  However, if Defendants fail to comply with this Order, the Court will entertain a motion for sanctions at that juncture, which must be raised in accordance with the Court's Individual Practices.  The Court also denies as premature Plaintiff's request to hold fact discovery open until Defendant completes its document productions.

## II. Text Messages

The prior ruling also applies to Plaintiff's request regarding the production of text messages, as to which the parties raise the same arguments.  *See id.* at 2–3.  Since documents responsive to various RFPs may be found in text message data, Defendants need not update their responses and objections to all of Plaintiff's RFPs specifically to confirm that they searched text message data; they may simply certify as much in writing to Plaintiff's counsel by the January 21 deadline.

## III. Volume of Sales

The foregoing analysis and ruling also apply to Plaintiff's request regarding documents concerning Defendant Wayne Daniel CPA PLLC's volume of sales.  *See id.* at 3.  For the avoidance of doubt, Plaintiff's request for slightly different relief here—namely, precluding Defendants from "challenging Plaintiff's argument that Defendants make the requisite gross volume of sales"—is denied as premature.  *See id.*

The Court directs Defendants to proceed expeditiously with each of the above productions.  It is not enough to "make their best efforts to have the documents ready for production before . . . fact discovery concludes."  *See id.*  They must comply with the January 21 deadline.

### IV.     Time Records and Wage Statements (Plaintiff's Production)

Defendants state that they "requested documents and records that can relate to Plaintiff's claims alleging Defendants did not provide wage notices and wage statements as set forth in the Complaint."  *See id.*  That request is hard to make sense of:  what could Plaintiff produce to show the *absence* of wage notices and wage statements?  In any case, Plaintiff now confirms that she has no responsive documents, *see id.* at 4, so Defendants' request for relief is denied as moot.

### V.     Tax Returns and Related Documents

Defendants requested "federal and state income tax returns, W-2, 1099 and/or K-1 forms, and all other documents that reflect earned income from any source from the date that Plaintiff began working for the corporate defendant to the present date."  *See id.*  Because Defendants do not attach the relevant RFP(s), the Court cannot ascertain the exact contours of this dispute.  However, Plaintiff appears to have already produced some documents responsive to Defendants' request.  *See id.*  In addition, Plaintiff is right to point out that, since she started working for Defendants in 2024, she would not yet have tax documents for 2024.  *See Arnold v. Indep. Health Ass'n, Inc.*, No. 17-cv-01260, 2019 WL 3955420, at *2 (W.D.N.Y. Aug. 22, 2019) (explaining that "it is basic that in responding to a document production request" that a party is required "only to produce documents already in existence" (cleaned up)).  Accordingly, there appears to be no deficiency for the Court to order remedied, and the request for relief is denied.

*          *          *

**VI.     Fact Discovery Deadline**

The Court extends the fact discovery deadline to <u>February 20, 2025</u>, to allow for the orderly completion of fact discovery.  This extension does not modify any deadline in this Order.

SO ORDERED.

<u> /s/ Hector Gonzalez </u>  
HECTOR GONZALEZ  
United States District Judge

Dated:  Brooklyn, New York  
        January 3, 2025

4