UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHADEJAH TAYLOR,<br><br>                Plaintiff,<br><br>              v.<br><br>WAYNE DANIEL CPA PLLC and WAYNE DANIEL,<br><br>              Defendants. | **MEMORANDUM & ORDER**<br>24-CV-05809 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

In this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action, Plaintiff has sued Wayne Daniel CPA PLLC and Wayne Daniel. Defendants have moved to dismiss. *See* ECF No. 23 (Motion); ECF No. 24 (Memorandum). Plaintiff opposes that motion. *See* ECF No. 27 (Opp.).[1] For the reasons explained below, Defendants' motion is DENIED.

## BACKGROUND

Defendants own and operate a tax preparation and financial advisory business in Brooklyn. *See* ECF No. 20 ¶ 1 (Am. Compl.; "AC").[2] Plaintiff was briefly employed by Defendants as an Accounting Associate between around February 6, 2024, and March 4, 2024. *Id.* ¶¶ 8, 25. During her interview for the job, Mr. Daniel agreed that Plaintiff would work "significant overtime" in excess of 40 hours per week. *Id.* ¶ 26. He told her that "her total

---

[1] Although the Court provided Defendants with an opportunity to file reply papers, they did not do so. *See* Nov. 18, 2024, Text Order.

[2] The Court "recite[s] the substance of the allegations as if they represent[] true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

compensation would be significantly higher than her hourly rate would provide . . . because of the considerable overtime premium compensation [she] would earn." *Id.* ¶ 27.

After Plaintiff received her first pay statement covering the period from her start to February 9, 2024, she "discovered that Defendants would deduct breaks from her pay even though she had clocked out (as she was required to) for any period of time she did not work, effectively leading to pay deductions for compensable time." *Id.* ¶ 29. She worked for 114 hours in the pay period spanning February 10, 2024, to February 23, 2024, but was paid at only $17 per hour for 80 hours and paid nothing for the 34 hours of overtime. *Id.* ¶¶ 30–31.

Plaintiff complained to Mr. Daniel around February 29, 2024, stating that his practices violated labor law; in response, he denied her entitlement to overtime, threatened to fire her, and suggested that if she did not complain, he would attempt to arrange an interview for her with Goldman Sachs. *Id.* ¶¶ 33–34. Later that day, Plaintiff was discussing overtime compensation with a coworker; when Mr. Daniel overheard that, he threatened to fire Plaintiff. *Id.* ¶¶ 35–36. He instructed Plaintiff not to come to work the next day, and that they would instead have a meeting on March 4. *Id.* ¶ 38. On the morning of March 4, Human Resources informed her that there would be no meeting and that she should retrieve her personal items from the office. *Id.* ¶ 39. Plaintiff complained and was informed that that she would need to contact Mr. Daniel. *Id.* ¶¶ 40–41. Mr. Daniel refused to answer her calls. *Id.* ¶ 42.

## LEGAL STANDARD

"In order to survive a motion to dismiss, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matzell v.*

2

*Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "In making this assessment, the court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *VR Glob. Partners, L.P. v. Petróleos de Venezuela, S.A.*, No. 24-1176-cv, 2024 WL 4891271, at *2 (2d Cir. Nov. 26, 2024).

## DISCUSSION

Defendants argue that Plaintiff fails to sufficiently allege FLSA coverage and willfulness. Accordingly, her NYLL claims must also fail. The Court easily rejects these arguments.

### I.     FLSA Coverage

"An employer is subject to the FLSA, if the plaintiff employee either is: (1) engaged in commerce or in the production of goods for commerce . . . (individual coverage); or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000 (enterprise coverage)." *Jimenez v. W&M Servs. Inc.*, No. 22-cv-5061, 2025 WL 916921, at *5 (E.D.N.Y. Mar. 25, 2025). In this case, Defendants suggest that there is neither individual coverage nor enterprise coverage. *See* ECF No. 24 at 6–8. As it relates to enterprise coverage, because 29 U.S.C. § 203(s)(1)(A)(i) requires that an "[e]nterprise engaged in commerce" have "employees," courts occasionally articulate having "at least two employees" as part of the coverage requirement. *See, e.g.*, *Hamza v. Yandik*, No. 19-cv-0447, 2020 WL 2092487, at *12 (N.D.N.Y. May 1, 2020). Oddly, Defendants press on this issue. *See* ECF No. 24 at 7.

Plaintiff retorts that the AC sufficiently alleges enterprise coverage. *See* ECF No. 27 at 8–10. I agree. As an initial matter, the AC plainly alleges that the corporate Defendant had two or more employees. For example, Plaintiff alleges that "[she] as well as other employees of Corporate Defendant were provided and used computers and office supplies that moved in

interstate commerce to perform their work." AC ¶ 16; *see also id.* ¶ 35 (describing a conversation with a coworker); *id.* ¶ 39 (describing a Human Resources department). From there, it is "rarely difficult to establish" enterprise coverage because Plaintiff just needs to adequately plead that the two or more employees "handled materials that have moved in commerce." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009). And, construing the AC in her favor, the Court can draw the reasonable inference that the computers and office supplies used by the employees in a tax preparer's office moved in interstate commerce. *See Burns v. Scott*, 635 F. Supp. 3d 258, 276 (S.D.N.Y. 2022) (finding the use of, *inter alia*, computers, sufficient for pleading enterprise coverage), *reconsideration denied*, No. 20-cv-10518, 2022 WL 18858909 (S.D.N.Y. Nov. 9, 2022).[3]

## II. Willfulness

Defendants also argue that Plaintiff fails to adequately allege willfulness. *See* ECF No. 24 at 8–9. But the Court agrees with Plaintiff that Defendants fail to explain why that matters in this case. *See* ECF No. 27 at 11–12. To be sure, the case they cite references willfulness, but only in the context of extending the statute of limitations period. *See Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1008 (2d Cir. 1991) (referencing 29 U.S.C. § 255(a)). However, there is no dispute in this case that Plaintiff's FLSA claim is timely without her needing to resort to such extension. Thus, insofar as willfulness is not an element of a timely FLSA claim, Defendants' argument is not a basis for dismissal. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 322 (2d Cir. 2021) ("In contrast to claims for willful violation of the FLSA, intent is relevant to ordinary FLSA claims only to the extent that an employer can defeat an award of liquidated damages upon establishing, by plain and substantial evidence, subjective good faith and objective reasonableness.").

---

[3] In light of this holding, the Court need not reach the issue of individual coverage.

### III. NYLL

Defendants argue that if the FLSA claims fail, then so, too, must the NYLL claims. *See* ECF No. 24 at 9–10. Alternatively, they argue that if the FLSA claims are dismissed, the Court should not exercise supplemental jurisdiction over the NYLL claims. *See id.* at 10. Because the motion to dismiss the FLSA claims is denied, their arguments on this front are moot.

### **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied. Fact discovery in this case closed on February 20, 2025. *See* ECF No. 26 at 4. Pursuant to Section IV.A.6 of the Court's Individual Practices, the time to file a pre-motion letter in anticipation of a motion for summary judgment has therefore expired. However, because the motion to dismiss was still pending at the time of its expiration, the Court *sua sponte* extends the time for any party to move for summary judgment to **April 16, 2025**. Any party intending to so move must file a pre-motion letter that complies with Section IV.A of the Court's Individual Practices, including the requirement that any such letter related to a motion for summary judgment must be accompanied by a statement of material facts that complies with Local Civil Rule 56.1. There shall be no cross-motions. Any party opposing a motion for summary judgment shall file a responsive letter and responsive statement that complies with Local Civil Rule 56.1 on or before **May 4, 2025**. If no party moves for summary judgment, the parties shall file a jointly proposed pretrial order that complies with Section VI.B of the Court's Individual Practices on or before **May 12, 2025**.

SO ORDERED.

          */s/ Hector Gonzalez*
          HECTOR GONZALEZ
          United States District Judge

Dated: Brooklyn, New York
       April 2, 2025